EXHIBIT 1

 

November 20, 2015

Ms. Lauri Hollingsworth, Director
Black Mountain Neuro-Medical Treatment Center
932 Old Highway 70 West
Black Mountain, NC 28711-2547

    Re: Access to records for ███████████, DOB: ███████
    Sent via fax (828-669-3177) and U.S. mail

Dear Ms. Hollingsworth,

Disability Rights NC is North Carolina's Protection and Advocacy system (P&A). Each state's P&A is part of a federally mandated system with the authority and obligation to protect and advocate for the human and legal rights of individuals with developmental and/or other disabilities.[1] More specifically, P&As have the obligation and authority to investigate incidents of abuse and neglect of individuals with developmental and/or other disabilities that are reported to the P&A, or if there is probable cause to believe that the incidents occurred.[2] The term "abuse" includes actions that cause psychological harm as well as physical injury or death. Where a restraint is improperly utilized, it may be considered a form of abuse.[3] "Neglect" includes acts or omissions that cause injury or death. Failure to develop or carry out an appropriate individual treatment plan, or failure to provide health care, may be considered neglect.[4]

Disability Rights NC received a complaint of this incident at the September 14, 2015 meeting of the Black Mountain Neuro-Medical Treatment Center's Human Rights Committee. Therefore, we are conducting an investigation into ███████'s care and treatment.

---

[1] *See* 29 U.S.C. § 794e (Protection and Advocacy of Individual Rights Program, (the PAIR Act)); 42 U.S.C. §§ 10801 *et seq.* (Protection and Advocacy for Individuals with Mental Illness Act (the PAIMI Act)); 42 U.S.C. §§ 15001 *et seq.* (Developmental Disabilities Assistance Bill of Rights Act (the DD Act)).
[2] 29 U.S.C. § 794e(f)(2); 42 U.S.C. § 10805(a)(1)(A); 42 U.S.C. § 15043(a)(2)(B); 42 C.F.R. § 51.2; 45 C.F.R. § 1386.25.
[3] 42 C.F.R. § 51.2; 45 C.F.R. § 1386.19.
[4] 42 U.S.C. § 10802(5); 45 C.F.R. § 1386.19.

*North Carolina's Protection*    PO Box 2638    828-433-1186 fax
*and Advocacy System*    Raleigh, NC 27602    877-235-4210    www.disabilityrightsnc.org
   828-433-5919    888-268-5535 TTY

Case 1:16-cv-00137-MOC-DLH   Document 1-1   Filed 02/12/16   Page 1 of 3

Disability Rights NC has broad authority to access records related to alleged abuse and/or neglect of persons with disabilities. Disability Rights NC has the authority to access the records of an individual, without the consent of any party, when:

1. The P&A has received a complaint or has probable cause to believe that abuse and/or neglect has occurred;
2. The individual is unable to give consent (due to incompetence or death); and
3. The individual has no guardian, or the guardian is the State.[5]

As ▆▆▆▆ has a public (State) guardian, Disability Rights NC is entitled to access ▆ records without obtaining the consent of another party.

The regulations to the DD Act and the PAIMI Act clarify that P&A access authority extends to draft or final records, including handwritten notes, electronic files, photographs or video and audiotape records. These records include reports prepared by an agency charged with investigating incidents of abuse or neglect, injury or death (including personnel records and supporting information that was relied upon in creating the report); discharge planning records; reports prepared by individuals or entities performing certification, accreditation and licensure reviews; and professional performance and demographic information related to the facility.[6]

Finally, the P&A's right to access records is not limited by HIPAA or state confidentiality laws.[7] A number of courts have addressed privacy and confidentiality concerns in the context of the P&A's access authority.[8] These courts have rejected the argument that HIPAA prevents the P&A from accessing an individual's medical records. The courts recognized that HIPAA itself allows a disclosure "required by another law,"[9] and determined that the P&A statutes are "other laws" requiring disclosure of records by the facility to the P&A.

Pursuant to Disability Rights NC's federal statutory authority, we request copies of the following documents:

1. All Patient Advocacy Services Investigations or Inquiries (including any handwritten notes or data) into any cases or incidents involving ▆▆▆▆ since ▆ admission to Black Mountain Neuro-Medical Treatment Center;
2. All Investigations by Management since ▆ admission to Black Mountain Neuro-Medical Treatment Center;
3. Admission history and physical;
4. All incident reports since admission;
5. Any incident reports that have occurred to other residents that may concern this resident (we understand the names of other residents will need to be redacted from these reports);
6. Taped minutes or hand written notes of the HRC Meeting of September 14, 2015;

---

[5] 42 U.S.C. § 10805(a)(4)(B); 42 U.S.C. § 15043(a)(2)(I)(ii); 42 C.F.R. § 51.41(b)(2); 45 C.F.R. § 1386.25(a)(2).
[6] 42 U.S.C. § 10806(b)(3)(A); 42 U.S.C. § 15043(c); 42 C.F.R. § 51.41(c); 45 C.F.R. § 1386.25(b).
[7] 45 C.F.R. § 1386.25(e).
[8] *See Prot. & Advocacy Sys. v. Freudenthal*, 412 F. Supp. 2d 1211 (D. Wy. 2006); *Ohio Legal Rights Service v. Buckeye Ranch, Inc.*, 365 F. Supp. 2d 877 (S.D. Ohio 2005).
[9] 45 C.F.R. § 164.512(a)(1).

7. Care Team, Interim Care Team and Mini-Care Team Notes;
8. Any Care Tracker and Nurse's notes relating to this incident; and
9. Behavior Plans and data used in creating the behavior plans.

Please be assured that, as required by professional ethics and the federal laws that govern the P&A, Disability Rights NC will maintain the confidentiality of these records.[10]

Thank you in advance for your cooperation in this matter. If there is a fee for the actual cost of duplicating the requested records, please inform me of that cost prior to making the copies. Please address the records to my attention at Disability Rights NC, P.O. Box 2638, Morganton, NC, 28680-2638 within three business days of the date of this letter.[11] You can also send the records electronically to kathy.smith@disabilityrightsnc.org. Should you have any questions or concerns, please do not hesitate to contact me at (828) 433-5919.

Sincerely,

Kathy H. Smith
Investigator

Kristine L. Sullivan
Attorney

---

[10] 42 U.S.C. § 10806(a).

[11] *See* 42 U.S.C. § 15043(a)(2)(J)(ii). The PAIMI Act requires that access be "extended promptly" to the P&A. 42 C.F.R. § 51.41(a). This provision has been interpreted, consistent with the language of the DD Act, to require access within three business days after a written request for records.